IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH E., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-00656 |
| v. ) | |
| ) | Magistrate Judge Jeannice W. Appenteng |
| MARTIN O'MALLEY,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sarah E. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Dkt. 12. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing motion for summary judgment in support of affirming the decision. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff protectively applied for DIB on October 28, 2019, alleging disability since February 24, 2015 due to Post-Traumatic Stress Disorder, Panic Disorder with Agoraphobia, and Bipolar Disorder Type II. Administrative Record ("R.") 13,

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

206-07, 244. Born in October 1979, plaintiff was 35 years old as of the alleged disability onset date, making her a younger person. 20 C.F.R. § 404.1563(c); R. 206. She worked for many years as a licensed practical nurse but quit in 2015 due to her conditions. R. 244. Though plaintiff briefly worked at her friends' coffee shop in 2017 and 2018, it did not rise to the level of substantial gainful activity. R. 15-16.

The Social Security Administration denied plaintiff's application initially on September 4, 2020, and upon reconsideration on January 28, 2021. R. 83–126. Plaintiff filed a timely request for a hearing and on June 24, 2021 appeared before an administrative law judge ("ALJ"). R. 35–78. The ALJ heard testimony from plaintiff, who was represented by counsel, from medical expert Michael Lace, Ph.D. (the "ME"), and from vocational expert Gary Wilhelm (the "VE").[2] *Id*. On August 12, 2021, the ALJ found that plaintiff's major depressive disorder, posttraumatic stress disorder, and generalized anxiety disorder are severe impairments, but that they do not alone or in combination meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16-17.

After reviewing the evidence, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels involving: simple and routine tasks performed at a variable pace and requiring only end-of-day production requirements; only occasional changes in the work setting; no interaction with the public; and proximity to others but no tandem tasks. R. 17-22. The ALJ accepted the VE's testimony that a person with plaintiff's background and

---

[2] The hearing was held telephonically due to the COVID-19 pandemic.

2

this RFC could not perform plaintiff's past nursing work, but could perform a significant number of other jobs available in the national economy. R. 22-23. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 23-24. The Appeals Council denied plaintiff's request for review on December 2, 2021. R. 1-6. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, plaintiff argues that the ALJ: (1) erred in finding only moderate as opposed to extreme limitations in mental functioning; (2) improperly rejected opinion evidence indicating that she cannot interact with supervisors; and (3) failed to accommodate adequately her moderate limitations in concentration, persistence, or pace. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of plaintiff's ability to interact with supervisors.

## DISCUSSION

### A. Standard of Review

A claimant is disabled within the meaning of the Social Security Act if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). In determining whether a claimant

3

suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id*.

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a

"logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

B. **Analysis**

1. **Interaction with Supervisors**

Plaintiff argues that the case must be reversed or remanded because the RFC determination fails to account for her moderate limitations in interacting with supervisors. Dkt. 12 at 11-13. A claimant's RFC is the maximum work that she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Anna-Marie L. v. Kijakazi*, No. 21 C 50354, 2022 WL 4610120, at *2 (N.D. Ill. Sept. 30, 2022) (quoting *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012)).

The record contains opinions from five mental health experts who assessed plaintiff's ability to engage in social interactions: (1) a September 3, 2020 RFC from state agency reviewer Jeanne Yakin, Ph.D.; (2) a January 17, 2021 RFC from state agency reviewer Lionel Hudspeth, Psy.D.; (3) a May 20, 2021 RFC from treating psychiatrist Craig Kestenberg, M.D.; (4) a June 8, 2021 report from Ginny Gemmell, LCSW; and (5) the June 24, 2021 hearing testimony from ME Lace. All of these experts agreed that plaintiff has at least moderate limitations in her ability to interact with others, ask simple questions or request assistance, and accept instructions or respond appropriately to criticism from supervisors. R. 44, 89, 93, 107,

113, 674, 686. The ALJ likewise assessed moderate social limitations but concluded they only impact plaintiff's ability to interact with the public and perform tandem tasks with co-workers. R. 17. The ALJ imposed no limitations on plaintiff's ability to interact with supervisors. *Id*.

In explaining this decision, the ALJ stated in conclusory fashion that "there is no evidence of any significant issues interacting with authority figures." R. 22. To begin, plaintiff reported that she gets severe anxiety around authority figures, particularly if they are male, R. 61, which is consistent with medical reports of moderate limitations interacting with supervisors. *Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011) (a plaintiff's own testimony constitutes evidence of impairment when combined with supporting medical records). And since plaintiff has not worked since 2015 (except briefly with friends in 2017 and 2018), it is not clear what evidence the ALJ expected to see. Moreover, the ALJ offered no rationale for why plaintiff's acknowledged "difficulties interacting with others [outside the home] and dealing with stress," R. 21, 22, apply to co-workers and the public but not supervisors. *Monique J. v. Kijakazi*, No. 22 C 4573, 2023 WL 7110746, at *5 (N.D. Ill. Oct. 27, 2023) ("The ALJ did not explain why Monique's moderate limitation in interacting with others differs based on whether the interaction is with 'the general public,' 'coworkers,' or 'supervisors.'"). The omission is significant because a greater restriction on plaintiff's ability to interact with supervisors may have impacted the availability of other jobs. *Shawn C. v. O'Malley*, No. 21 C 6276, 2024 WL 3161659, at *3 (N.D. Ill. June 25, 2024).

6

Viewing the record as a whole, the ALJ failed to identify substantial evidence supporting his conclusion that plaintiff is capable of unlimited interaction with supervisors despite her moderate social limitations. *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (requiring "an accurate and logical bridge from the evidence to [the ALJ's] conclusion."). The case must be remanded for further consideration of this issue.

### 2. Remaining Arguments

The Court does not find any specific error with respect to plaintiff's remaining arguments. That said, the ALJ should take the opportunity on remand to reassess all aspects of plaintiff's mental functioning, including the effects of her limitations in concentration, persistence, or pace. The ALJ should also reevaluate the opinion evidence of record and obtain additional testimony as appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's request to reverse the decision of the Commissioner [12] is granted and the Commissioner's motion for summary judgment [17] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's

decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 1/8/2025

8